UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID POWELL,

    Plaintiff,

v.                                               Case No:   6:15-cv-550-Orl-22TBS

SPACE COAST CREDIT UNION,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc 28).   After due consideration I respectfully recommend that the motion be denied.

### I. Background

Plaintiff David Powell brings this action against his former employer, Defendant Space Coast Credit Union for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), FLA. STAT. § 760.01 *et seq.* (Doc. 21).   The case was filed in state court and removed to this Court based upon federal question jurisdiction (Doc. 1).

On April 27, 2015, Defendant filed a motion to dismiss Plaintiff's complaint (Doc.11).   Plaintiff sought and was granted an extension of time to respond to the motion (Docs. 12-13).   Then, Plaintiff's attorney was granted leave to withdraw (Doc. 18). Because this decision left Plaintiff without counsel, and because he said he was having difficulty obtaining a new lawyer, the Court extended through June 25 the deadline for

Plaintiff to respond to the motion to dismiss (Id.).  The attorney who now represents Plaintiff docketed his notice of appearance on June 18 (Doc. 19).  Plaintiff failed to file a response to the motion to dismiss, which the Court granted on June 29 (Doc. 20).  The Court's Order dismissed Counts III-VI of Plaintiff's complaint (Id.).  On July 10, Plaintiff filed his amended complaint (Doc. 21).  Defendant responded by moving to dismiss Counts III-VI of the amended complaint (Doc. 26).  Plaintiff filed a prompt response to the motion and the next day, sought permission to file a second amended complaint (Docs. 27-28).  Defendant opposes the motion for leave to file the second amended complaint (Doc. 29).

## II. Discussion

### A. Timing of the Motion for Leave to Amend

Plaintiff's motion was filed two days after the deadline for the parties to seek leave to amend their pleadings (Docs. 24 at 1; 28).  Consequently, before the Court considers the motion to amend, it must first decide whether to modify the case management and scheduling order governing the case.  A showing of good cause is a prerequisite for modification of a scheduling order.  FED. R. CIV. P. 16(b).  Only if good cause is shown and the Court consents, does it reach the issue whether to permit amendment of the pleadings pursuant to FED. R. CIV. P. 15(a).  Sosa v. Airprint Sys., 133 F.3d 1417, 1419 (11th Cir. 1988) (affirming denial of leave to amend on ground that plaintiff failed to comply with pretrial scheduling order).  The good cause standard precludes modification of the scheduling order unless the current schedule could "not be met despite the diligence of the party seeking the extension."  See Id. at 1418 (quoting FED. R. CIV. P. 16 1983 Advisory Comm. Notes subdivision b).  If the Court finds that Plaintiff did not exercise due diligence then the inquiry into good cause is ended.  See Pioneer Int'l

(USA), Inc. v. Reid, Case No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637 * 2 (M.D. Fla. 2007). Plaintiff's motion fails to discuss good cause to modify the scheduling order. The result is that Plaintiff has not met his burden under Rule 16(b) and therefore, I recommend that the motion for leave to amend be denied.

   *B. Futility*

If the Court amends the scheduling order to allow the motion for leave to amend, then Defendant argues that the motion should be denied because the proposed amendment would be futile (Doc. 29, 3-5). "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). A court will dismiss a complaint that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

On a motion to dismiss, the court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." Id. at 679 (internal quotation omitted). "A pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Count V of the second amended complaint alleges that Plaintiff is a member of a protected class under the ADA, and that he was willfully and maliciously subjected to disparate treatment, including termination of his employment based on his disability or perceived disability (Doc. 28-1, ¶¶ 52-54).  To make a prima facie case of employment discrimination based upon an alleged disability under the ADA, a plaintiff must show that he: "(1) has a disability; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) the defendant unlawfully discriminated against him because of his disability." Vaughn v. Nationsbank Corp., 137 F.Supp.2d 1317, 1323 (N.D. Ga. 2000) (citing Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 (11th Cir. 1997)).  To survive a motion to dismiss, Plaintiff's complaint must include sufficient facts concerning each of these elements to support a "reasonable inference" that he is entitled to relief.  Iqbal, 556 U.S. at 678.

For ADA purposes, a person is "disabled" if he has "a physical or mental impairment that substantially limits one or more of his major life activities...; a record of such an impairment; or" the person is "regarded as having such an impairment."  42 U.S.C. § 12102(1).  A person is "regarded as having such an impairment" if that person "establishes that he or she has been subjected to an action prohibited under [Title 42, Chapter 126] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting,

bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

The second amended complaint avers that Plaintiff became ill in July 2013 and sought medical treatment (Doc. 28-1, ¶ 14). He alleges that his illness "precluded [him] from performing one or more essential functions of his position," and that he was "incapacitated for at least three days and remained under continuing treatment by his physician." (Id., ¶ 15). Plaintiff also alleges that "Defendant perceived Plaintiff as disabled as a result of his condition." (Id., ¶ 18). Lastly, the proposed second amended complaint avers that "Plaintiff provided medical documentation of his need for leave and the nature of his condition. Plaintiff was suffering from stress, hypothyroidism, and was being treated for other contributing factors." (Id., ¶ 19).

Plaintiff's allegation that Defendant perceived him to be disabled is a legal conclusion, insufficient to state a claim. Plaintiff's burden, which he has not met, is to allege facts which provide the basis for this assertion. Wiswell v. Nelson, No. 08-3093, 2009 WL 1662383, at *2 (C.D. Ill. June 11, 2009).

Plaintiff has not alleged the essential functions of his position which he could not perform, or which of his major life activities were impacted by his condition. A diagnosis and an impairment are two different things. While stress, hypothyroidism, and Plaintiff's other, unknown contributing factors may have substantially limited his major life activities, Plaintiff has not alleged how these conditions impacted his ability to perform these activities, or which of his major life activities was impacted. Plaintiff has thus failed to plausibly allege that he was disabled. Buford-Clark v. Birmingham Bd. of Edu., No. 2:14-cv-2108-WMA, 2015 U.S. Dist. LEXIS 5425, at *7-8 (N.D.Ala. Jan. 16, 2015).

The second amended complaint alleges that Defendant denied Plaintiff's request for "a reasonable accommodation for Plaintiff's own disability by requesting a leave of absence that would not have exceeded the time needed to adjust to the medication needed to treat his thyroid condition," and that Defendant opposed Plaintiff's request for "accommodation for his own disability, including a prescribed leave of absence." (Doc. 28-1, ¶¶ 47, 57).

In an ADA discrimination case, a "'qualified individual with a disability is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000) (quoting 42 U.S.C. § 12111(8)) (internal quotations omitted). Plaintiff must show either that he could have performed the essential functions of his job without accommodation, or that he could have performed the essential functions of his job if Defendant had provided a reasonable accommodation. Id. Plaintiff alleges that the reasonable accommodation he required was a leave of absence for an indefinite period of time, until he adjusted to the medicine he was taking for his thyroid condition. An employer's obligation to provide a reasonable accommodation does not require that it wait for an indefinite period of time for the accommodation to have the desired effect. Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1226 (11th Cir. 1997). As plead, Count V of the proposed second amended complaint is deficient because it fails to allege that Plaintiff would have returned to work within the reasonably immediate future. Id.

Count IV of the second amended complaint is a claim of retaliation under the FCRA and Count VI is a claim of retaliation under the ADA (Doc. 28-1, ¶¶ 46-50; 56-60). In order to plead a claim of retaliation under the FCRA and ADA, Plaintiff must allege that:

"(1) he engaged in conduct protected by the ADA; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct." Mecca v. Fla. Health Sciences Center, Inc., No. 8:12-cv-2561-T-30TBM, 2013 WL 136212, at *3 (M.D. Fla. Jan. 10, 2013) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1013, 1021 (11th Cir. 1994)). Both counts for retaliation are premised on Defendant's alleged refusal to grant Plaintiff FMLA leave to care for his mother, and Plaintiff's own alleged disability (Id., ¶¶ 47, 57). Plaintiff's request for FMLA leave is not protected by the ADA or FCRA. Mecca, at *8. Therefore, and because I have already concluded that Plaintiff has not sufficiently alleged his disability, I find that Counts IV and VI of the proposed second amended complaint fail to state causes of action.

### C. Exhaustion of Administrative Remedies

Before bringing an ADA action in federal court, the plaintiff must file a timely charge of discrimination with the EEOC. Buford-Clark v. Birmingham Bd. of Edu., No. 2:14-cv-2108-WMA, 2015 U.S. Dist. LEXIS 5425, at * 5 (N.D.Ala. Jan. 16, 2015); 42 U.S.C. § 12117. Under Florida law, before bringing an action for a violation of the FCRA, the complainant must file a timely complaint with the Florida Commission on Human Relations. FLA. STAT. 760.11. The second amended complaint generally avers that "Plaintiff has satisfied all conditions precedent needed to maintain this action." (Doc. 28-1, ¶ 6). There are no more specific allegations concerning the exhustion of administrative remedies before this lawsuit was filed.

Defendant has produced what it represents is the charge of discrimination Plaintiff filed with the Florida Commission on Human Relations (29-1). In the document, Plaintiff complains that he became ill with what was later diagnosed as an acute thyroid condition. His doctor instructed him to stay home for two weeks, documented by a note Plaintiff

shared with Defendant.   Plaintiff asked Defendant to extend the two week period per his doctor's orders at which time Defendant contacted Plaintiff's doctor without Plaintiff's authorization.   Defendant subsequently terminated Plaintiff for having abandoned his position.   Plaintiff alleges that he received unspecified harassing telephone calls and emails, and that the reason given for his firing was a pretext for unlawful disability discrimination and retaliation based upon his actual or perceived disabilities (Doc. 29-1).   Defendant argues, based on this document, that Plaintiff's allegations concerning his demotion and the time he was away from work to care for his mother will not withstand a motion to dismiss because they are unrelated to the charge of discrimination Plaintiff made at the administrative level (Doc. 29 at 7-8).   The charge upon which Defendant relies is outside the pleadings.   Therefore, the Court would first have to treat Defendant's motion to dismiss as a motion for summary judgment under FED. R. CIV. P. 56 before considering the charge.   FED. R. CIV. P. 12(d).   Then the parties would have a reasonable opportunity to present all materials pertinent to the motion.   Id.   Without the benefit of the full briefing the parties would provide the Court on a motion for summary judgment, I conclude that it would be premature to find that the proposed second amended complaint is futile based solely on the charge of discrimination produced by Defendant.

   C. Abandonment of Claims

The Court dismissed Count III alleging "Handicap Discrimination" under the FCRA; Count IV alleging retaliation under the FCRA; Count V alleging a violation of Title VII; and Count VI alleging retaliation in violation of Title VII from Plaintiff's original complaint (Docs. 2, 20).   Defendant contends that because Plaintiff never filed a paper in opposition to the motion to dismiss these counts, he should be deemed to have

abandoned these claims (Doc. 28 at 5-6).   Defendant cites cases holding that when a plaintiff fails to respond to a motion to dismiss a count in a complaint, or fails to present evidence at trial to support a claim, the Court may treat the count or claim has having been abandoned and dismiss it.   Phan v. Accredited Home Lenders Holding Co., No. 3:09-cv-328-J-32TEM, 2010 WL 1268013, at *5 (M.D.Fla. Mar. 29, 2010) (citing Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000); and Hooper v. City of Montgomery, 482 F.Supp.2d 1330, 1334 (M.D.Ala. 2007)); Polanco v. U.S. Bank N.A., No. 13-80746-CIV, 2014 WL 51416, at *1 (S.D.Fla. Jan. 7, 2014).   However, these cases do not hold a plaintiff's failure to oppose a motion to dismiss precludes the plaintiff from attempting to replead.   Therefore, I recommend the Court not find amendment is futile based upon this argument.

   *E. Plaintiff's ADA Claim, Count VII*

   The proposed second amended complaint includes a new Count VII alleging that Defendant made an unlawful medical inquiry to Plaintiff's doctor in violation of the ADA (Doc. 28-1, ¶¶ 61-67).   Defendant relies on The Equal Employment Opportunity Commission Enforcement Guidance, Questions and Answers: Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the Americans With Disabilities Act, 2000 WL 33407183, for the proposition that when an employer has reason to believe an employee will be unable to perform the essential functions of his job, the employer may request medical information about the employee.   On this basis, Defendant concludes that its alleged contact with Plaintiff's doctor is not actionable. Although persuasive, I do not assume that the EEOC guidance is a correct statement of the law, or that it means the manner in which Defendant sought the information was

proper.   For these reasons I recommend the Court not find the proposed second amended complaint futile based upon this argument.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's motion for leave to file a second amended complaint be **denied**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 21, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record