UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID POWELL,

    Plaintiff,

v.                                           Case No:   6:15-cv-550-Orl-22TBS

SPACE COAST CREDIT UNION,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Renewed Motion to Dismiss Counts III, IV, V, and VI of the Amended Complaint (Doc 26).   Plaintiff has filed a response in opposition to the motion (Doc. 27).   After due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff filed a six-count complaint in state court against his former employer, Defendant Space Coast Credit Union for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), F<small>LA</small>. S<small>TAT</small>. § 760.01 *et seq.* (Doc. 2).   Defendant removed the case to this Court based upon federal question jurisdiction (Doc. 1).

On April 27, 2015, Defendant filed a motion to dismiss Plaintiff's complaint (Doc.11).   Plaintiff sought and was granted an extension of time to respond to the motion (Docs. 12-13).   Then, Plaintiff's attorney was granted leave to withdraw, and the Court extended through June 25 the deadline for Plaintiff to respond to the motion to dismiss

(Doc. 18).  Plaintiff failed to file a response to the motion to dismiss, which the Court granted on June 29 (Doc. 20).  The Court's Order dismissed Counts III-VI of the complaint (Id.).

On July 10, Plaintiff filed an amended complaint alleging FMLA interference (Count I); FMLA retaliation (Count II); FCRA violation/handicap discrimination (Count III); FCRA/retaliation (Count IV); ADA violation/disability discrimination (Count V); and ADA violation/retaliation (Count VI) (Doc. 21).  Defendant filed the pending motion to dismiss, and the next day, Plaintiff sought permission to file a second amended complaint (Docs. 26-28).  Defendant opposed the motion for leave to file a second amended complaint and the court referred the matter to me for report and recommendation (Doc. 29).  On August 21, I issued my report recommending that Plaintiff's motion for leave to amend be denied because it was filed after the deadline for amendment of pleadings set forth in the court's scheduling order and Plaintiff had failed to show good cause as required by FED. R. CIV. P. 16(b) to modify the scheduling order (Doc. 30 at 2-3).

In my report and recommendation, I also found that Plaintiff's attempt to further amend Counts IV, V and VI would be futile because the proposed amendments failed to state causes of action (Id. at 6-7).  The court adopted my report and recommendation on November 23, and Defendant answered Counts I and II of the amended complaint on December 4 (Docs. 33, 34).  On December 9, the Court referred the motion to dismiss Counts III through VI to me for report and recommendation (Doc. 35).

Plaintiff's amended complaint avers that he was a covered employee and Defendant was a covered employer for purposes of the FMLA, ADA, and FCRA, and that all conditions precedent have been satisfied (Doc. 21, ¶¶ 3, 5, 6).  Plaintiff began working for Defendant in 2006 and in April 2013 requested leave to care for his mother "who

suffered from a FMLA qualifying serious medical condition." (Id. ¶¶ 8-10). Plaintiff alleges that Defendant discouraged him from exercising his rights under the FMLA, and that upon his return from caring for his mother, Defendant demoted him (Id., ¶¶ 11-13). In July 2013, Plaintiff became ill and sought medical leave for his own illness, which he says, prevented him from performing at least one of the essential functions of his position (Id., ¶¶ 14-15). Plaintiff alleges that Defendant issued him a notice of eligibility for FMLA leave which required him to provide medical certification by July 29, 2013 (Id., ¶ 16). Plaintiff complains that while on FMLA leave, Defendant reminded him of his probationary status and pressured him to return to work (Id., ¶ 17). He also avers that Defendant perceived him as disabled as a result of his condition (Id., ¶ 18).

Plaintiff provided Defendant medical documentation showing that he was suffering from stress, hypothyroidism, and was being tested for other factors, with Plaintiff's expected return date being unknown at the time (Id., ¶¶ 19-20). Defendant approved Plaintiff's FMLA leave, commencing July 13, 2013, with end date undetermined up to the maximum FMLA entitlement (Id., ¶ 21). Thereafter, Defendant asked Plaintiff if he wanted to pursue short term disability benefits (STD), which Plaintiff declined because he had accrued sufficient paid sick leave and other time to cover the anticipated duration of his leave (Id., ¶ 22). Although Plaintiff did not authorize Defendant to process his application for STD, he alleges that Defendant processed the request and contacted Plaintiff's physician directly to obtain Plaintiff's medical information (Id., ¶ 24-25). On August 2, 2013, Defendant allegedly told Plaintiff he had to obtain additional information from his medical doctor by August 5 or return to work (Id., ¶¶ 26-27). Plaintiff was unable to do either and he was terminated by email at 5:07 p.m. on August 5, 2013 (Id., ¶ 28). He alleges that Defendant contacted his medical doctor in November 2013 to ask

that "adjustments" be made to the FMLA paperwork the doctor had completed in July 2013 (Id., ¶ 29).

Count III of the amended complaint purports to state a cause of action for handicap discrimination in violation of the FCRA (Id. at 6-7).  Plaintiff alleges that he is a member of a protected class under FCRA who suffered from a disability or perceived disability (Id., ¶ 42).  He complains that Defendant subjected him to disparate treatment based on his handicap and/or perceived handicap, that Defendant's actions were willful and done with malice, and that he was injured due to Defendant's violations of FCRA (Id., ¶¶ 43-44). Plaintiff seeks compensation for lost wages, benefits, other remuneration, emotional distress damages, punitive damages, and injunctive relief (Id., ¶ 45).

Count IV is an action for retaliation in violation of FCRA (Id., ¶¶ 46-50).  Plaintiff avers that he was engaged in one or more protected activities under FCRA including but not limited to opposing discrimination and requesting accommodation for his disability (Id.¶ 47).  He alleges that Defendant's actions were willful and done with malice and that the retaliation was based in part on Plaintiff's rights protected by law to resist and oppose unlawful discrimination and harassment (Id. ¶ 49).  Plaintiff states that he was injured and seeks damages of compensation for lost wages, benefits, and other remuneration, reinstatement to a comparable position or alternatively front pay, emotional distress damages, punitive damages, and injunctive relief (Id.¶ 50).

Count V of the amended complaint seeks damages and injunctive relief for disability discrimination under the ADA (Id., ¶¶51-60).  Plaintiff alleges that he is a member of a protected class under the ADA and that he was subjected to disparate treatment based upon his disability and/or perceived disability (Id., ¶¶ 52-53).  He claims

that Defendant's actions were willful and done with malice and that he was injured as a result (Id., ¶¶ 54-55).

Count VI is a claim of retaliation in violation of the ADA.   Plaintiff avers that he engaged in one or more ADA protected activities including opposing discrimination and requesting accommodation for his disability.   He alleges that Defendant's actions were willful and done with malice, and that he has been injured as a result (Id., ¶ 57-60).

Defendant argues that Counts III-VI should be dismissed because Plaintiff abandoned them when he failed to respond to Defendant's initial motion to dismiss, and because Plaintiff failed to seek leave to amend his complaint as required by FED. R. CIV. P. 15(a)(1)(B) (Doc. 26 at 3-6).   Defendant submits that Counts III and V should be dismissed for failing to plead ultimate facts showing that during the relevant time period he had a disability (Id. at 6-7).   As for Counts IV and VI, Defendant urges that Plaintiff failed to plead ultimate facts showing retaliation (Id. at 7-9).

Plaintiff responds that the right to amend is guaranteed to pro se plaintiffs and he was without counsel and proceeding pro se at the time the amendment process should have been initiated.   He further argues that his right to amend was implied given that the dismissal of his initial complaint was without prejudice and under Eleventh Circuit precedent, a failure to respond is not tantamount to abandonment of his claims (Id. at 2-4).   Lastly, Plaintiff argues that his amended complaint properly pleads causes of action under the ADA and FCRA to satisfy the pleading requirements of Rule 8 and survive Defendant's motion to dismiss.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the plaintiff's complaint.   La Gresta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction...; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Because Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007).  To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  Legal conclusions devoid of any factual support are not entitled to an assumption of truth.  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

### III. Abandonment of Claims

Defendant argues that Plaintiff abandoned his claims when he failed to oppose the initial motion to dismiss (Doc. 26 at 3-5).  As a legal basis for this argument, Defendant cites cases holding that when a plaintiff fails to respond to a motion to dismiss a count in a complaint, or fails to present evidence at trial to support a claim, the Court may treat the count or claim as having been abandoned.  See Phan v. Accredited Home Lenders Holding Co., No. 3:09-cv-328-J-32TEM, 2010 WL 1268013, at *5 (M.D. Fla. Mar. 29,

2010); (citing Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000); and Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007)); Polanco v. U.S. Bank N.A., No. 13-80746-CIV, 2014 WL 51416, at *1 (S.D. Fla. Jan. 7, 2014).   I previously noted that these cases do not expressly provide that failure to oppose a motion to dismiss precludes a plaintiff from attempting to replead.   My view has not changed and once again I respectfully recommend the Court reject Defendant's abandonment argument as a basis for dismissal.

### IV. Failure to Seek Leave to Amend

Rule 15 provides,

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV P. 15(a)(1).   Plaintiff filed his amended complaint on July 10, 2015, more than 21 days after Defendant had responded to the original complaint (Doc. 11).   He did so without Defendant's consent, and without leave of Court.   Plaintiff's action violated FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").   In an attempt to explain his actions, Plaintiff states that he was proceeding pro se during the relevant time frame and therefore, his right to amend is guaranteed.   I disagree.   The Order allowing Plaintiff's lawyer to withdraw was not entered until May 27 (Doc. 18), and thus he was represented for more than the 21 days after the April 27, 2015, filing of Defendant's original motion to

dismiss. "Failure to properly request leave to amend, when [plaintiff] had adequate opportunity and time to do so, precludes the plaintiff's argument on appeal that the district court abused its discretion by denying [plaintiff] leave to amend [his] complaint." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir.1999)). Plaintiff, acting through his former attorney, simply failed to amend within the time permitted by Rule 15(a)(1). Plaintiff's current lawyer entered his appearance June 18 (Doc. 19) and the Court's Order of dismissal was entered June 29 (Doc. 20). Thus, Plaintiff's current lawyer could have, but failed to motion the Court for leave to amend before the amended complaint was filed. Accordingly, I respectfully recommend the Court grant Defendant's motion to dismiss Counts III-VI on the ground that Plaintiff did not comply with FED. R. CIV. P. 15 before filing his amended complaint.

### V. Disability Discrimination Claims under FCRA and the ADA

Plaintiff alleges disability discrimination in violation of FCRA and the ADA (Counts III and V) (Doc. 21, ¶¶ 41-45, 51-55). To state a prima facie case of disability discrimination, a plaintiff must establish that "(1) he or she has a statutorily covered disability; (2) he or she is a qualified individual; and (3) he or she was discriminated against because of his or her disability." Lenard v. A.L.P.H.A. "A Beginning" Inc., 945 So. 2d 618, 621 (Fla. Dist. Ct. App. 2006); see also Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 (11th Cir. 1997). To survive a motion to dismiss, Plaintiff's complaint must contain sufficient facts concerning each of these elements to support a "reasonable inference" that he is entitled to relief. Iqbal, 556 U.S. at 678.

A plaintiff is considered "disabled" if he has "a physical or mental impairment that substantially limits one or more of his major life activities ...; a record of such an

impairment; or" the person is "regarded as having such an impairment."  42 U.S.C. § 12102(1).  A person is "regarded as having such an impairment" if that person "establishes that he or she has been subjected to an action prohibited under [Title 42, Chapter 126] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2).

Plaintiff alleges that he became ill and that "[t]he illness precluded Plaintiff from performing one or more essential functions of his position."  (Doc. 21, ¶ 15).  The effect of Plaintiff's illness is a conclusion, unsupported by facts.  Consequently, this averment is insufficient to survive dismissal under Rule 12(b)(6).  Ashcroft, 556 U.S. at 678.  Plaintiff also alleges that he "was suffering from stress, hypothyroidism, and was being tested for other contributing factors."  (Doc. 21, ¶ 19).  A diagnosis and an impairment are two different things and Plaintiff has not alleged how these conditions impacted his ability to perform his major life activities.  Thus, these allegations fail to establish that Plaintiff was disabled.  See Buford-Clark v. Birmingham Bd. of Educ., No. 2:14-cv-2108-WMA, 2015 U.S. Dist. LEXIS 5425, at *7-8 (N.D. Ala. Jan. 16, 2015).  Accordingly, I respectfully recommend that Defendant's motion to dismiss Counts III and V be granted.

Plaintiff alleges that he is a member of a protected class under FCRA and the ADA and that he was subjected to disparate treatment based on his disability or perceived disability (Doc. 21, ¶¶ 42-43, 52-53).  In an ADA discrimination case, a "'qualified individual with a disability is an individual with a disability who, with or without reasonable

accommodation, can perform the essential functions of the employment position that such individual holds or desires." Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000) (quoting 42 U.S.C. § 12111(8)) (internal quotations omitted).   Plaintiff must show either that he could have performed the essential functions of his job without accommodation, or that he could have performed the essential functions of his job if Defendant had provided a reasonable accommodation.   Id.   The reasonable accommodation Plaintiff required was a leave of absence for an indefinite period of time. An employer's obligation to provide a reasonable accommodation does not require that it wait for an indefinite period of time for the accommodation to have the desired effect. Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1226 (11th Cir. 1997).   Counts III and V of the amended complaint fail to state a cause of action because they fail to allege that Plaintiff would have returned to work within the reasonably immediate future.   Id. Therefore, I respectfully recommend that Defendant's motion to dismiss Counts III and V be granted.

## VI. Retaliation under the FCRA and ADA

In Counts IV and VI of his amended complaint Plaintiff attempts to sue Defendant for retaliation under the FCRA and ADA.   To plead a claim of retaliation under FCRA and the ADA, Plaintiff must allege that: "(1) he engaged in conduct protected by the ADA; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct."   Mecca v. Fla. Health Sciences Center, Inc., No. 8:12-cv-2561-T-30TBM, 2013 WL 136212, at *3 (M.D. Fla. Jan. 10, 2013) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1013, 1021 (11th Cir. 1994)) see also Blizzard v. Appliance Direct, Inc., 16 So. 3d 922, 926 (Fla. 5th DCA 2009) (setting forth same elements to establish a prima facie case of retaliation under FCRA, § 760.10(7)).

"A plaintiff engages in 'statutorily protected activity' when he or she protests an employer's conduct which is actually lawful, so long as he or she demonstrates 'a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1388 (11th Cir. 1998) (quoting Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir.1997)).

Plaintiff generally alleges that the statutorily protected activity he was engaged in was "opposing discrimination and requesting accommodation." (Doc. 21, ¶¶ 47, 57). But, as noted above, a "reasonable accommodation" is not leave for an indefinite period of time. Second, Plaintiff has not pled any facts to show that he made a complaint to Defendant regarding alleged violations of the ADA or FCRA before his termination. Third, he has not alleged any ultimate facts explaining what discrimination he opposed or what protected conduct he engaged in. Fourth, to the extent Plaintiff's claims of retaliation are premised on Defendant's alleged refusal to grant him FMLA leave, a request for FMLA leave is not protected by the ADA or FCRA. See Mecca, 2013 WL 136212, at *8. Fifth, I have already concluded that Plaintiff has not sufficiently alleged his disability. Accordingly, I respectfully recommend the Court dismiss Counts IV and VI of the amended complaint for failing to state causes of action.

### VII. Recommendation

For the foregoing reasons, I respectfully recommend that Defendant's Renewed Motion to Dismiss be **granted** and that the Court dismiss Counts III, IV, V, and VI of Plaintiff's amended complaint. The time for amendment of the pleadings has passed, and when Plaintiff sought leave to file a second amended complaint the Court found that

his attempt, at least with respect to three of the four counts in question, would be futile. Therefore, I do not recommend that Plaintiff be granted any further leave to amend.

## VIII. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 23, 2015.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record