UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID POWELL,

    Plaintiff,

v.                                  Case No:   6:15-cv-550-Orl-22TBS

SPACE COAST CREDIT UNION,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant Space Coast Credit Union's Motion to Compel Plaintiff to Attend Deposition and for Sanctions (Doc. 36). Plaintiff David Powell has filed a response in opposition to the motion (Doc. 38).

Counsel coordinated Plaintiff's deposition to occur in Melbourne, Florida at 9:00 a.m. on December 4, 2015 (Doc. 36-2). Plaintiff overslept or awakened ill that morning (Doc. 36 at 2; Doc. 36-4). Either way, he was running more than an hour late, the deposition was cancelled, and the court reporter issued a certificate of non-appearance (Doc. 36-3). By agreement of counsel, the deposition was rescheduled to December 11, 2015 in Tampa, Florida (Docs. 36-5, 36-6). Once again, the deposition was cancelled and a certificate of non-appearance was issued after Plaintiff went to the court reporter's Melbourne office by mistake (Doc. 38). Plaintiff admits this error was due to his failure to read the deposition notice (Doc. 38, ¶ 2). Plaintiff agreed to reimburse Defendant's "actual costs," which the Court interprets to mean court reporter costs for the December 11 deposition (Id., ¶ 3). Plaintiff has now agreed to appear and give his deposition in Tampa, Florida beginning at 9:00 a.m., on January 14, 2016 (Id., ¶ 1).

Defendant seeks an order compelling Plaintiff to appear for his deposition on January 14, that the Court warn Plaintiff that his failure to appear on time may result in sanctions including the dismissal of this lawsuit, that the Court stay all depositions by Plaintiff until Plaintiff is deposed, and that the Court award Defendant $2,082.43 in attorney's fees and expenses (Doc. 36 at 5).   Plaintiff argues that the amount of attorney's fees sought is excessive, that by agreeing to appear in Tampa, Plaintiff is saving Defendant attorney's fees it would otherwise incur to conduct the deposition in Melbourne, Plaintiff has acted in good faith, has not benefited from the delays in taking his deposition, and Plaintiff does not believe Defendant conferred in good faith before filing the pending motion (Doc. 38 at 2-3).

Plaintiff's failure to appear for two depositions was not substantially justified, and caused Defendant to incur attorney's fees and other expenses for the failed depositions. Sanctions are appropriate pursuant to FED. R. CIV. P. 37(d).   It appears that the court reporter charged Defendant $94 for the deposition on December 4, and that the videographer charged a cancellation fee of $195 (Doc. 36-9).   In addition, Defendant paid $142.80 in mileage and $115.96 for a room at the Hampton Inn for its attorney who travelled to Melbourne to take the deposition (Id.).   For the December 11 deposition, the court reporter charged Defendant $99, the videographer charged a $195 cancellation fee, and Defendant paid the Hilton Hotel $210.68 for a room for its corporate representative who desired to attend the deposition (Id.).   In addition to these expenses, Defendant seeks to recover 3.5 hours of attorney time at the rate of $200 per hour and 2 hours of attorney time at the rate of $165 per hour incurred in connection with the failed depositions and the motion to compel (Id.).   Defendant attached copies of the invoices and a time ledger documenting these expenses to its motion (Id.).

None of Defendant's claimed expenses have been proven. The motion to compel includes an affidavit by one of Defendant's attorneys which the Court suspects was intended to prove the expenses (Doc. 36-10). But, the affidavit is insufficient for that purpose (Id.). Still, Plaintiff did not raise this issue, and his position is that Defendant should be reimbursed for its costs, if not its attorney's fees (Doc. 38, ¶ 16). Accordingly, the Court has considered the invoices and attorney time entries.

Plaintiff argues that Defendant did not meet and confer in good faith before filing the motion to compel because Plaintiff offered the January 14 date before the motion was filed (Doc. 38, ¶ 12). It is clear that the parties conversed about these matters before Defendant filed its motion, and that they had not come to an agreement to resolve all of Defendant's grievances related to the cancelled depositions (Doc. 36 at 4-5). Therefore, the Court finds that Defendant complied with FED. R. CIV. P. 37(a)(5)(A)(1) and Local Rule 3.01(g) before the motion to compel was filed.

Now, the motion is **GRANTED** to the extent that Defendant is **ORDERED** to appear for his deposition in Tampa, Florida at 9:00 a.m. on January 14, 2016. In addition, Defendant is awarded the $1,052.44 in expenses to which Plaintiff has not made objection. Defendant seeks reimbursement for 1 hour of attorney time to "[a]ddress issues related Plaintiff Powell not appearing for his deposition, not able to book a court reporter who can continue after 5:15." (Doc. 36-9 at 1). This is clerical time not properly billed to Plaintiff. Defendant also seeks reimbursement for 1 hour of attorney time to "[p]repare for plaintiff's second deposition (review outline of questions previously prepared)." (Id.). It is not appropriate to charge Plaintiff to prepare for a deposition counsel was ready to take one week earlier. After deducting these time entries, Defendant is awarded $630 in attorney's fees. Thus, the total amount taxed against

Plaintiff and awarded to Defendant is $1,682.44.   The other relief sought by Defendant is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record